## No. 11,816.

### AUSTIN *v.* COLORADO DAIRYMEN'S CO-OPERATIVE ASSOCIATION.

Decided May 31, 1927.

Action on contract.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. ASSIGNMENT—*Partial.*  Assignment of claim held valid without debtor's consent, not being partial for the reason that assignee consented that a portion be paid to the assignor.

2.        *Accounting.*  Where the seller of milk would be entitled to an accounting against the purchaser, his assignee would also have a right thereto.

3. CONTRACT—*Validity—Assignment.*  Assignment of a claim to a co-operative marketing association by a member, held valid regardless of the question of whether the contract was against public policy or unconstitutional.

*Error to the District Court of Boulder County, Hon. Claude C. Coffin, Judge.*

Mr. WILBUR F. DENIOUS, Mr. CHARLES F. MORRIS, for plaintiff in error.

Mr. MORTIMER STONE, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE association had judgment against Austin, in a trial to the court.  He comes here on a writ of error

and moves for supersedeas and asks that judgment be reversed. Defendant in error asks that it be affirmed.

Defendant in error is a corporation formed under the co-operative marketing act. One of the provisions of their co-operative contracts is that five per cent of the price of all milk sold by its members shall be paid by the purchaser to the association instead of to the producer. Austin is a milk dealer and bought milk of members. The contracts contained assignments of the purchase price from the sellers to the association but Austin refused to pay it to plaintiff. The association then brought this suit for the whole purchase price; the court gave judgment for but five per cent thereof on the ground that the president of the association had given defendant leave to pay all but that ratio to the producers and he had done so. The judgment was right.

Plaintiff in error claims that the assignments were invalid without the consent of the debtor because they were partial, under the familiar rule as to partial assignments of choses in action. The answer is that they were not partial but full. The fact that consent was afterwards given to pay part to the producers would not make the assignments partial, nor amount to a consent that the whole should be paid to the sellers. Stripped of unessentials the situation is this: George owes James ten dollars, James assigns the claim to John; John tells George he may pay him one dollar and James nine, whereupon George pays James ten and refuses to pay John anything. The question then answers itself.

It is objected that the court ordered an accounting against Austin who was a non-member of the association; but an accounting, if necessary, would be granted a seller and therefore must be granted to his assignee. That an accounting was necessary to reveal how much milk defendant had bought from members cannot be doubted.

It is objected that the co-operative contract is against public policy and unconstitutional. If so, that is of no

concern here.   An assignment of a chose in action is neither against public policy nor unconstitutional. Whether other parts of the contract are open to these objections is irrelevant.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Sheafor and Mr. Justice Whitford concur.